**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scottsdale Condo-Business Center Association, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Sentinel Insurance Company, Ltd., <br><br> Defendant. | No. CV-13-01727-PHX-DGC <br><br> **ORDER** |

Defendant Sentinel Insurance Company, Ltd. has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 8. The motion is fully briefed and no party has requested oral argument. For the following reasons, the Court will deny the motion.[1]

**I.    Background.**

Plaintiff's property was damaged during a hail and wind storm on October 5, 2010. Doc. 1-1 at 7, ¶ 6. The property was insured by a policy issued by Defendant. *Id.*, ¶ 7. After discovering the damage caused by the storm, Plaintiff filed an insurance claim. *Id.*, ¶ 8. Defendant investigated the claim. *Id.*, ¶ 9. Plaintiff alleges Defendant then underpaid the claim and deprived it of the full benefits of its policy. *Id.* at 8, ¶ 11. Plaintiff asserts claims for breach of contract (*id.* at 9, ¶ 18) and breach of the duty of good faith and fair dealing (*id.* at 10, ¶ 30). Defendant contends Plaintiff's claims are

---

[1] Plaintiff's response to the motion fails to comply with the font and type size requirements of LRCiv 7.1(b). Plaintiff shall comply with all local rules in its future filings.

1 prohibited by Plaintiff's policy, which contains a provision requiring that legal actions be brought "within two years after the date on which the direct physical loss or physical damage occurred." Doc. 8 at 2. Plaintiff's claim was filed on August 7, 2013. Doc. 1-1 at 11.

## II. Legal Standard.

Plaintiff contends Arizona law governs its claims. Doc. 12 at 2. Defendant does not dispute this contention. Arizona courts have enforced insurance policy limitation periods. *See Zuckerman v. Transamerica Ins. Co.*, 650 P.2d 441, 444 (Ariz. 1982) (noting that insurance policy limitations periods "have been held enforceable in Arizona"). Enforcement of such policy provisions may be limited, however, by waiver or estoppel. *Shea North, Inc. v. Ohio Cas. Ins. Co.*, 564 P.2d 1263, 1265 (Ariz. Ct. App. 1977). Waiver or estoppel "will exist if an insurer by its conduct induces its insured, by leading him to reasonably believe a settlement or adjustment of his claim will be effected . . . to delay commencement of action on the policy until after the limitations period has run." *Id.* An insurer may also be estopped from enforcing a boilerplate limitation clause "if the limitation would create an unjust forfeiture." *Nangle v. Farmers Ins. Co. of Ariz.*, 73 P.3d 1252, 1255 (Ariz. Ct. App. 2003) (citing *Zuckerman*, 650 P.2d. at 448). The key factor in the determination of this issue is whether the insurer has been prejudiced by the delay in filing suit. *Zuckerman*, 650 P.2d. at 448. "In the absence of such a showing, it is fair to say that the purpose for which the insurer was given permission to insert the clause will not be served by its enforcement." *Id.*

## III. Analysis.

Plaintiff's complaint does not refer to the limitation period in the insurance policy. Defendant submitted the applicable portion of the policy as part of its motion to dismiss. Doc. 8-2. In ruling on a Rule 12(b)(6) motion, a court may consider materials not included in the complaint if three circumstances are present: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the motion. *Ranch Realty, Inc. v. DC*

1  *Ranch Realty, LLC*, 614 F. Supp. 2d 983, 987-88 (D. Ariz. 2007) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).  Here, the complaint refers to the insurance policy (Doc. 1-1 at 7, ¶ 8), the policy is central to Plaintiff's claim (*id.* at 8, ¶ 13, 9, ¶ 25), and Plaintiff does not question the authenticity of the copy attached to Defendant's motion.  The Court will consider the portion of the insurance policy submitted by Defendant without converting Defendant's motion to a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Plaintiff concedes that this action was commenced ten months after the expiration of the policy's two-year limitation period.  Doc. 12 at 2.  Plaintiff argues, however, that dismissal is not appropriate because contractual limitation periods have not been enforced by Arizona courts.  *Id.* at 2-4.  Plaintiff also argues that Defendant should be estopped because it has not shown prejudice from Plaintiff's late filing.  *Id.* at 4.  Defendant does not argue in its motion that it would be prejudiced by Plaintiff's late filing, but asserts in its reply that it would suffer prejudice by being forced to incur the time and expense of litigating a claim that is untimely.  Doc. 13 at 4.

As noted above, Arizona courts have enforced contractual limitation periods in insurance policies, but have made clear that the key inquiry is whether the insurer would be prejudiced by the filing of a claim after the period has expired.  If the insurer does not show prejudice, the limitation period will not be enforced.  *Zuckerman*, 650 P.2d. at 448.  Defendant argues that it is prejudiced by being required to defend against the claim in this case, but that is not the kind of prejudice that permits enforcement of a contractual limitation period.  In the similar context of insurance policies that require prompt notice of a claim, Arizona courts have held that "[d]elay alone does not establish prejudice." *Liberty Mut. Fire Ins. Co. v. Mandile*, 963 P.2d 295, 302 (Ariz. Ct. App. 1997) (citing cases).  As the Arizona Supreme Court explained in *Zuckerman*, when a policy's limitation period appears in the boilerplate language of the policy, it will not be enforced unless the lateness of the claim imposes some prejudice on the insurer other than the obligation of responding to the claim.  *Zuckerman*, 650 P.2d. at 448.  *Zuckerman* held

1 that mere late filing of a claim was not a sufficient basis for enforcing the policy's
2 limitation period. *Id.*

3 Defendant argues that this claim is unlike the claim in *Zuckerman*, but presents no
4 facts distinguishing this case from *Zuckerman*. Defendant does not contend that its
5 limitation clause is not boilerplate, nor has Defendant identified prejudice from the late
6 filing such as loss of documentary evidence or witness memories. Because Defendant
7 relies solely on the fact that the claim was filed after the two-year policy period expired,
8 and that fact is not sufficient to enforce a policy limitation period under Arizona law, the
9 Court will deny Defendant's motion to dismiss.

10 **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **denied**.
11 Dated this 31st day of October, 2013.

_____
David G. Campbell
United States District Judge