**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scottsdale Condo-Business Center Association Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Sentinel Insurance Company Limited,<br><br>Defendant. | No. CV-13-01727-PHX-DGC<br><br>**ORDER** |

Defendant has filed a motion for summary judgment.  Doc. 36.  The motion is fully briefed.  The Court will deny the motion.[1]

**I.     Background.**

This is an insurance coverage dispute.  Plaintiff's property was damaged in a hail and wind storm that occurred on October 5, 2010.  Doc. 36 at 2.  Plaintiff maintains an insurance policy with Defendant.  Plaintiff submitted a claim for damage to skylights and a claims adjuster visited the property on October 16, 2010.  *Id.* at 2-3.  The adjuster "noted the roof of all four (4) buildings was in good condition and found no hail damage to the mineral surface sheet of the roofs," and "found no damage on any of the exterior surfaces of the insured buildings."  *Id.* at 3.  Defendant paid $12,831.24 to repair damage to skylights and turbines based on the adjuster's estimate.  *Id.*

---

[1] The requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision.  *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Several months later, Plaintiff submitted a quote from S G & L Construction for $281,805.81 to "recoat the existing roof and paint the exterior of all buildings[.]" *Id.* Defendant retained an engineering firm to do an independent inspection of the property, and the independent engineer, Terry Taylor, "concluded that the paint coating on the exterior faces of the concrete walls . . . were not damaged by hail impact" and that "neither hail nor wind necessitated a re-roof of any of the buildings[.]" *Id.* at 3-4. Mr. Taylor did identify a nine-foot by fifteen-foot section of the roof that had storm damage. *Id.* at 4. Defendant then "partially denied Plaintiff's claim to re-coat/re-paint the walls" of Plaintiff's buildings because the damage was "due to long-term deterioration" not covered by the policy. *Id.* It also denied Plaintiff's claim to re-coat the roofs because the wind and hail did not cause damage to the entire roof, but did agree to pay for repairs to the section identified by Mr. Taylor. *Id.*

Plaintiff then hired a public adjusting company and later submitted reports from Becker Engineering and MDM Design Group, both hired by the public adjuster, which opined that "the integrity of the roofs at Scottsdale Condo was compromised by the impact of hail and that the roof needed to be completely replaced." *Id.* The public adjuster submitted to Defendant a "proof of loss totaling $897,663.40 to replace the entire roofs at all buildings . . . as well as re-coat/re-paint all walls of every building." *Id.*

A re-inspection was conducted in February 2013 with Mr. Taylor and the public adjuster present. *Id.* at 5. Mr. Taylor maintained his previous position and Defendant reasserted its denial of coverage on May 21, 2013. *Id.* Plaintiff commenced this action in August 2013. The Court recently dismissed Plaintiff's claims for breach of the covenant of good faith and fair dealing and punitive damages pursuant to a stipulation of the parties. Doc. 44.

**II.   Legal Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

1    *Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the
2    evidence, viewed in the light most favorable to the nonmoving party, shows "that there is
3    no genuine dispute as to any material fact and the movant is entitled to judgment as a
4    matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the
5    outcome of the suit will preclude the entry of summary judgment, and the disputed
6    evidence must be "such that a reasonable jury could return a verdict for the nonmoving
7    party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.    Analysis.**

The parties agree that Plaintiff bears the burden of proving the existence of a contract, its breach, and resulting damages. *See Graham v. Asbury*, 540 P.2d 656, 657 (Ariz. 1975). Defendant argues that "Plaintiff has utterly failed to establish any facts supporting an alleged breach of contract claim." Doc. 36 at 6. The Court does not agree. Plaintiff has submitted evidence in the form of an expert report which indicates that the October 2010 hail and wind storm caused damage to the roofs, necessitating replacement, caused damage to the condenser coils of the air conditioning units, and that the damage to the roof has in turn caused water damage to the interior of the buildings. Doc. 42-7 at 12. Defendant does not address this expert report in its reply. Defendant instead relies on a statement made by Plaintiff's 30(b)(6) deponent, Dr. Merrill Stromer, that he had no knowledge that anyone from Defendant acted in violation of any contract. Doc. 45 at 2. In light of the evidence presented by Plaintiff's expert, this statement does not entitle Defendant to summary judgment.

Defendant does not dispute that it is required to provide coverage for damage caused by the October 2010 storm. Plaintiff has presented evidence that the damage from the storm was far more extensive than the payments it has received from Defendant. Mr. Taylor's findings, presented by Defendant, reach the opposite conclusion. This is a genuine issue of material fact that precludes summary judgment. A reasonable jury could conclude, based on Plaintiff's evidence, that Defendant breached the insurance contract by failing to pay for covered damage caused by the 2010 storm. The Court will deny

1  Defendant's motion for summary judgment on Plaintiff's breach of contract claim.
2  **IT IS ORDERED** that Defendant's motion for summary judgment (Doc. 36) is
3  **denied**.
4  Dated this 18th day of August, 2014.

David G. Campbell
United States District Judge